YEE & KAWASHIMA LLLP

JARED N. KAWASHIMA        6289
CHRISTIN D. W. KAWADA   10038
1000 Bishop Street, Suite 908
Honolulu, Hawaii  96813
Telephone:  (808) 524-4501
Facsimile:  (888) 524-0407
E-mail: jared@yklawhawaii.com
E-mail: christin@yklawhawaii.com

Attorneys for Plaintiffs
PAMCAH-UA LOCAL 675
TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PAMCAH-UA LOCAL 675 PENSION FUND; PAMCAH-UA LOCAL 675 ANNUITY FUND; PAMCAH-UA LOCAL 675 HEALTH & WELFARE FUND; PAMCAH-UA LOCAL 675 VACATION & HOLIDAY FUND; PAMCAH-UA LOCAL 675 TRAINING FUND; PAMCAH-UA LOCAL 675 COOPERATION FUND; | ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. _____  COMPLAINT; SUMMONS |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| AKUA AIR CONDITIONING LLC, a Hawaii limited liability company; CALBERT H. BAITLON, individually; JOHN DOES 1-10; JANE DOES 1-10; DOE | ) ) ) ) ) ) | (Caption continued on next page) |

| | |
|---|---|
| CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE GOVERNMENTAL AGENCIES 1-10, DOE TRUSTS 1-10, | ) ) ) ) ) |
| Defendants. | ) ) ) |

## COMPLAINT

COMES NOW Plaintiffs PAMCAH-UA LOCAL 675 PENSION FUND; PAMCAH-UA LOCAL 675 ANNUITY FUND; PAMCAH-UA LOCAL 675 HEALTH & WELFARE FUND; PAMCAH-UA LOCAL 675 VACATION & HOLIDAY FUND; PAMCAH-UA LOCAL 675 TRAINING FUND; and the PAMCAH-UA LOCAL 675 COOPERATION FUND, and for Complaint against Defendants AKUA AIR CONDITIONING LLC, a Hawaii limited liability company, and CALBERT H. BAITLON, individually, allege and aver as follows:

1. Plaintiffs are the PAMCAH-UA Local 675 Trust Funds, which include the Health and Welfare, Training, Pension, Annuity, Vacation & Holiday, and Cooperation Fund (hereinafter collectively referred to as "Trust Funds"). The Trust Funds are jointly trusteed labor-management trust funds created and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The trustees are fiduciaries with respect to the Trust Funds within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

2. Specifically, the Annuity fund is a money purchase pension plan and the Pension fund is a defined benefit pension plan as defined in section 3(2) of ERISA, 29 U.S.C. § 1002(2), and the Health and Welfare, Training, and Vacation & Holiday funds are employee welfare benefit plans as defined in section 3(1) of ERISA, 29 U.S.C. § 1002(1). The Trust Funds are multiemployer plans as defined in section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

3. This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears. Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 1145 and 1132(a) and (f). Jurisdiction is proper pursuant to section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and pursuant to section 301(a) of the LMRA, 29 U.S.C. § 185(a). Venue is proper pursuant to section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and section 301(a) of the LMRA, 29 U.S.C. § 185(a).

4. At all times relevant herein, each of the above-named Trust Funds was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii. At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust

agreement subject to and pursuant to the Labor-Management Relations Act and a multiple employer benefit plan within the meaning of Sections 3 and 4 of the Employee Retirement Income Security Act (29 U.S.C. §§ 1002 and 1003).

5. At all times relevant herein, upon information and belief, Defendant AKUA AIR CONDITIONING LLC ("AKUA AIR CONDITIONING") was a limited liability company incorporated in and doing business in the State of Hawaii.

6. At all material times herein, Defendant AKUA AIR CONDITIONING was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and within the meaning of section 501(3) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 142(3), and was engaged in an industry affecting commerce within the meaning of section 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12), and within the meaning of section 501(1) of the LMRA, 29 U.S.C. § 142(1).

7. At all relevant times herein, upon information and belief, Defendant CALBERT H. BAITLON ("Individual Defendant"), was a resident of the Island of Oahu, State of Hawaii.

8. Upon information and belief, at all times relevant herein Individual Defendant was an owner and officer of AKUA AIR CONDITIONING.

9.  Defendants John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, Doe Governmental Agencies 1-10, and Doe Trusts 1-10 are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Trust Funds except that they are connected in some manner with the named Defendants and/or were the agents, servants, employees, employers, representative, co-venturers, associates of the named Defendants and/or were in some manner presently unknown to the Trust Funds engaged in the activities alleged herein and/or were in some manner responsible for the injuries or damages to the Trust Funds.  Trust Funds have made a diligent effort to ascertain the true names, identities, capacities, activities and/or responsibilities of said unidentified Defendants but have been unable to do so to date.  Trust Funds have made a diligent and good-faith effort to ascertain the full name, identity, and interest in this action of Defendants John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, Doe Governmental Agencies 1-10, and Doe Trusts 1-10 including, but not limited to, investigative efforts to locate witnesses and other persons who may have knowledge of, or contributed to causing the injuries or damages to the Trust Funds, and to identify their roles with respect to same.

10.  On July 6, 2014, Local 675 of the United Association of Journeymen and Apprentice Plumbers and Pipefitters of the United States and Canada, AFL-

CIO ("Union") and the Plumbing & Mechanical Contractors Association of Hawaii executed that certain document known as the Labor-Management Agreement and Related Documents (the "Labor Management Agreement"). The terms of the Labor Management Agreement are incorporated herein by reference.

11. Upon information and belief, Defendant AKUA AIR CONDITIONING is a signatory employer to the Plumbing & Mechanical Contractors Association of Hawaii.

12. On April 3, 2015, Defendant AKUA AIR CONDITIONING executed an agreement wherein AKUA AIR CONDITIONING agreed to abide by the Labor Management Agreement with the Union. The terms of the Agreement dated April 3, 2015 are incorporated herein by reference.

13. The Labor Management Agreement incorporated by reference trust agreements for Trust Funds. The terms of the trust agreements are incorporated herein by reference.

14. Trust Funds are third party beneficiaries of the Labor Management Agreement.

COUNT I (AKUA AIR CONDITIONING – Contributions and Damages)

15. Defendant AKUA AIR CONDITIONING agreed to be bound by all the terms of the Labor Management Agreement and various trust agreements and is specifically required to do the following:

    (a) To submit for each month a report stating the names, social security numbers, and number of hours worked in such month by each and every person on whose behalf contributions and administrative fees are required to be made by Defendant AKUA AIR CONDITIONING to Plaintiffs, or if no such persons are employed, to submit a report so stating;

    (b) To accompany the above reports with payment of contributions and an administrative fee based upon an hourly rate as stated in the Labor Management Agreement and related documents;

    (c) To make all of its payroll books and records available to Plaintiffs for the purpose of auditing them to verify the accuracy of Defendant's past reporting upon request made by Plaintiffs;

    (d) To compensate Plaintiffs for the additional administrative costs and burdens imposed by delinquency or untimely payment of contributions by way of the payment of liquidated damages in the amount of 10% of any and all contributions which are not postmarked to Plaintiffs by the 25th day of the succeeding month in which contributions are accrued;

    (e) To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records should it be determined that Defendant's delinquent contribution for any month exceeds 10% of the monthly contribution due to Plaintiffs;

    (f) To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions.

16. By agreeing to abide by such Labor Management Agreement, Defendant AKUA AIR CONDITIONING promised to submit reports and pay to the Trust Funds certain amounts monthly for employee benefits and an administrative fee, for work and labor performed by AKUA AIR

CONDITIONING's covered employees, which amounts would be paid to the Trust Funds on or before the due dates as specified in said Labor Management Agreement.

17.    By said Labor Management Agreement and 29 U.S.C. §1132(g), Defendant AKUA AIR CONDITIONING agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions and corresponding administrative fee were not paid when due, AKUA AIR CONDITIONING would pay to each trust fund liquidated damages in the amount of ten percent (10%) per annum, or an amount under 26 U.S.C. §6621, whichever is greater, on any unpaid contributions, such amount to be in lieu of the above-mentioned liquidated damages if the amount is greater than the above-mentioned liquidated damages.

18.    Defendant AKUA AIR CONDITIONING failed to submit monthly reports and payments for contributions and corresponding administrative fee for periods including October 2017 through December 2017, and January 2018 through present.

19.    By said Labor Management Agreement, Defendant AKUA AIR CONDITIONINING incurred liquidated damages for its failure to submit reports and payment of contributions.

20. Defendant AKUA AIR CONDITIONING failed to submit payments for liquidated damages incurred for periods including October 2017 through December 2017 and January 2018 through present.

21. Defendant AKUA AIR CONDITIONING's obligations to Trust Funds, pursuant to said the Labor Management Agreement and trust agreements, to make contributions, are continuing obligations and AKUA AIR CONDITIONING may accrue and owe additional amounts plus liquidated damages and/or interest up to the time of trial or proof.

22. At all times herein mentioned it was, and now is, impracticable and extremely difficult to fix the amount of actual damages to Trust Funds as a result of the non-payment of said contributions. The amounts agreed upon herein, as hereinbefore alleged, as and for liquidated damages, represented and now represent a reasonable endeavor to ascertain and compensate for the damages caused the Trust Funds by the non-payment of said contributions.

23. By said Labor Management Agreement, Defendant AKUA AIR CONDITIONING further promised that if it became necessary for Trust Funds to take legal action to enforce payment of contributions and/or liquidated damages from AKUA AIR CONDITIONINNG, AKUA AIR CONDITIONING would pay all court and collection costs and reasonable attorney's fees of 25% of the total amount of contributions and damages due.

24. Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, as amended by the Multiemployer Pension Plan Amendments Act ("MPPAA") govern the enforcement of employer contributions to employee pension and welfare trust funds. ERISA Section 515 (29 U.S.C. § 1145) provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

25. Section 515 is reinforced by the remedial provisions of ERISA section 502(g):

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan —
>
>     (A) the unpaid contributions,
>
>     (B) interest on the unpaid contributions,
>
>     (C) an amount equal to the greater of
>
>         (i) interest on the unpaid contributions, or
>         (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
>     (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

> (E) such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

26. AKUA AIR CONDITIONING's failure to transmit reports and payment for contributions and liquidated damages in a timely fashion to Trust Funds for hours worked by its employees caused damage to Trust Funds in an amount to be proven at trial.

### COUNT II (AKUA AIR CONDITIONING – Breach of Contract)

27. Trust Funds repeat, reallege and incorporate by reference each and every allegation set forth above.

28. In or around April 2018, Defendant AKUA AIR CONDITIONING acknowledged and affirmed its delinquency owed to the Trust Funds for work months including October 2017 through present. In exchange for the Trust Funds' instant forbearance from pursing collection, Defendant AKUA AIR CONDITIONING entered into a payment agreement wherein AKUA AIR CONDITIONING agreed to pay to Trust Funds a minimum of $1,500.00 per week, commencing on May 4, 2018, until AKUA AIR CONDITIONING became current on all amounts due to the Trust Funds.

29. Defendant AKUA AIR CONDITIONING failed to pay weekly payments in accordance with the payment agreement and is in breach of the payment agreement.

30. Trust Funds have been damaged as a result of such breach in an amount to be proven at trial.

COUNT III (INDIVIDUAL DEFENDANT – Personal Guaranty)

31. Trust Funds repeat, reallege and incorporate by reference each and every allegation set forth above.

32. On July 5, 2018, Individual Defendant executed a Personal Guaranty wherein Individual Defendant acknowledged the delinquency of AKUA AIR CONDITIONING owed to Trust Funds, affirmed the payment agreement of AKUA AIR CONDITIONING to pay $1,500.00 per week until it became current on amounts due to the Trust Funds, and promised to personally guarantee payment of all amounts due by AKUA AIR CONDITIONING under the payment agreement and pursuant to the Labor Management Agreement as the same would become due. Individual Defendant further agreed that $1,500.00 weekly payments would resume on July 13, 2018.

33. Pursuant to the terms of the Personal Guaranty, in the event AKUA AIR CONDITIONING defaults in the payment of any amounts due under its payment agreement with the Trust Funds, the Trust Funds may recover the full

amount of the liability directly from Individual Defendant.  The terms of the Personal Guaranty are hereby incorporated by reference.

34. AKUA AIR CONDITIONING and Individual Defendant have failed to make payments under the payment agreement.

35. Trust Funds have been damaged as a result of such breach in an amount to be proven at trial.

WHEREFORE, Trust Funds pray as follows:

(1) For judgment against AKUA AIR CONDITIONING and Individual Defendant for outstanding trust fund contributions and liquidated damages, pursuant to the Labor Management Agreement, payment agreement and Personal Guaranty, in an amount to be proven at trial, together with additional damages as may be shown at trial, accrued interest through the date of judgment, attorneys' fees and costs; and

(2) Such other relief as the Court deems just and equitable.

DATED:  Honolulu, Hawaii, September 14, 2018.

    /s/ Christin D. W. Kawada
JARED N. KAWASHIMA
CHRISTIN D. W. KAWADA
Attorney for Plaintiffs